UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Rolls Royce Paschal for Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Strike and Motion to Dismiss [32] [PUBLIC VERSION]**

Defendants Calista Therapeutics, Inc. ("Calista Therapeutics"), Trovex BioTherapeutics, Andrew Mallon ("Mallon"), and Trovex, Inc. ("Trovex") (collectively, "Defendants") move to strike and dismiss the First Amended Complaint ("FAC"). (Mot., Dkt. No. 32; Joinder, Dkt. No. 35.) Plaintiffs BioCorRx, Inc. ("BioCorRx"), BioCorRx Pharmaceuticals, Inc. ("BioCorRx Pharmaceuticals"), Lourdes Felix ("Felix"), and Kate DeVarney ("DeVarney") (collectively, "Plaintiffs") opposed the Motions. (Opp'n, Dkt. No. 46 (sealed).) Defendants replied. (Reply, Dkt. No. 47.) The Court took the Motions under submission and vacated the June 24, 2024 hearing. (Dkt. No. 54.) The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15.

For the following reasons, the Court **DENIES** Defendants' Motion to Strike and **DENIES** Defendants' Motion to Dismiss.

### I. BACKGROUND

The following factual allegations are taken from the FAC. (FAC, Dkt. No. 22 (sealed).) BioCorRx and BioCorRx Pharmaceuticals (collectively, the "BioCorRx Plaintiffs") are Nevada corporations that develop addiction treatments under the leadership of Felix and DeVarney. (Id. ¶¶ 35–38.) Beginning in 2018, Calista Therapeutics, "by and through its President and CEO, Defendant Dr. Andrew Mallon," served as an outside consultant on BioCorRx's work to develop opioid addiction treatments. (Id. ¶¶ 2–4.) Calista Therapeutics and Mallon were tasked with a variety of consulting projects, which included performing federally funded preclinical and clinical research of new drugs. (Id. ¶¶ 64–71.) Unsatisfied with Calista Therapeutics' and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

Mallon's performance, BioCorRx's leadership decided to terminate its Consulting Agreement with Calista Therapeutics. (Id. ¶¶ 78–88.) On March 15, 2024, BioCorRx gave Mallon and Calista Therapeutics written notice of the termination, which went into effect on April 14, 2024. (Id. ¶ 88; id., Ex. B.)

Plaintiffs allege that Mallon, upon receiving notice of termination, retaliated by "spreading lies and misinformation" to the National Institute on Drug Abuse ("NIDA") and BioCorRx board members. (Id. ¶¶ 90–91.) Mallon allegedly disclosed confidential information and disseminated false stories about his termination. (Id. ¶¶ 90–110.) These communications allegedly painted Plaintiffs as untrustworthy and unethical. (Id. ¶¶ 111–123.)

Plaintiffs further claim that Mallon absconded with trade secret BioCorRx Naltrexone pellets until April 8, 2024 after Defendants "had sufficient time to study and reverse engineer any trade secrets from the pellets in order to make the same or similar pellets for use in competing products." (Id. ¶¶ 129–157.) In addition, Plaintiffs allege that Mallon stole trade secret data and retains other confidential information and company property belonging to the BioCorRx Plaintiffs. (Id. ¶¶ 158–182.) Mallon allegedly now leads Defendant-companies Trovex BioTherapeutics and Trovex, which Plaintiffs suspect are involved in a scheme to retain BioCorRx's trade secrets for eventual use in competing products. (Id. ¶¶ 39–45, 182.) Plaintiffs allege that Mallon and Calista Therapeutics have failed to comply with their contractual obligations by retaining property and information belonging to Plaintiffs. (Id. ¶¶ 182–192.)

On April 26, 2024, Plaintiffs filed the FAC against Defendants and asserted ten claims for relief. (See generally id.) The FAC's ten claims are as follows: (1) breach of contract; (2) misappropriation of trade secrets in violation of the Defend Trade Secrets Act; (3) conversion; (4) theft under California Penal Code § 496(a); (5) libel (count I); (6) libel (count II); (7) libel (count III); (8) libel (count IV); (9) breach of fiduciary duty; and (10) violation of California's Unfair Competition Law. (Id. ¶¶ 194–329.)

Defendants now move to strike and dismiss pursuant to California Code of Civil Procedure § 425.16 ("California's anti-SLAPP statute") and Federal Rules of Civil Procedure 12(f) and 12(b)(6). (See generally Mot.) The Motion to Strike targets Plaintiffs' first and third through eighth claims, whereas the Motion to Dismiss targets Plaintiffs' first through eighth claims. (See id. at 4–8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

## II. LEGAL STANDARD

### A. Motion to Strike under Federal Rule of Civil Procedure 12(f)

Under Rule 12(f), a party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is appropriate when a defense is insufficient as a matter of law. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). Further, in the absence of a motion to strike, the Court has discretion to act "on its own." See Fed. R. Civ. P. 12(f).

The essential function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). "As a general proposition, motions to strike are regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Sands, 902 F. Supp. at 1165–66 (alteration in original) (internal quotation marks omitted).

Therefore, courts frequently require the moving party to demonstrate prejudice "'before granting the requested relief,' and 'ultimately, whether to grant a motion to strike lies within the sound discretion of the district court.'" Greenwich Ins. Co. v. Rodgers, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

### B. Special Motion to Strike under California Code of Civil Procedure § 425.16

California's anti-SLAPP statute allows for pre-trial dismissal of "SLAPPs" ("Strategic Lawsuits against Public Participation"). Cal. Civ. Proc. Code § 425.16. The statute aims to identify, early in the litigation process, "meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001); see also Wilcox v. Superior Ct., 27

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00640-JVS (JDE)                                         Date   July 1, 2024

Title   BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al.

Cal. App. 4th 809, 816 (1994).

California's anti-SLAPP statute permits a defendant to file a "special motion to strike" to dismiss an action before trial.  Cal. Civ. Proc. Code § 425.16.  "To prevail on an anti-SLAPP motion, the moving defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech."  Makaeff v. Trump Univ., LLC, 715 F.3d 254, 261 (9th Cir. 2013) (citation omitted).  "The burden then shifts to the plaintiff . . . to establish a reasonable probability that it will prevail on its claim in order for that claim to survive dismissal."  Id. (citations omitted).  In other words, "the plaintiff must demonstrate that 'the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by plaintiff is credited.'"  Metabolife, 264 F.3d at 840 (quoting Wilcox, 27 Cal. App.4th at 823).

Where an anti-SLAPP motion is brought on the grounds that the plaintiff's claim is legally deficient, the Court should adjudicate the motion under the standards for a Rule 12(b)(6) motion to dismiss.  See Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1109 (C.D. Cal. 2009); In re Bah, 321 B.R. 41, 45 n.6 (B.A.P. 9th Cir. 2005).  "In other words, the court must read the complaint broadly, take all well-pleaded allegations as true, and dismiss with leave to amend."  In re Bah, 321 B.R. at 45 n.6.

      C.     *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)*

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept "all well-pleaded" factual allegations as true, and construe such allegations "in the light most favorable to the non-moving party."  Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

at 555). Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

*A. Evidentiary Objections*

As a preliminary matter, Plaintiffs submitted evidentiary objections to Mallon's Declarations. (Evidentiary Objections, Dkt. No. 46-3 (sealed); Evidentiary Objections to Reply, Dkt. No. 53-1 (sealed).) Plaintiffs argue that several statements in Mallon's Declaration are argumentative, constitute improper opinion testimony, lack foundation and personal knowledge, or introduce inadmissible hearsay. (Evidentiary Objections at 1; Evidentiary Objections to Reply at 1.) Plaintiffs raise several objections to specific statements within Mallon's Declaration. In particular, paragraphs 17–20 of Mallon's Declaration are relevant for the Court. (Declaration of Dr. Andrew Mallon ("Mallon Decl."), Dkt. No. 32-1, ¶ 17 (sealed) ("I have evidence of crimes, civil infractions and clinical trial scientific misconduct that centered around Ms. Lourdes Felix, who exercised strong control over BioCorRx as the CEO and CFO." ); id. ¶ 18 ("This is currently the subject of ongoing investigation(s) with several Federal agencies, including the FBI (Federal Bureau of Investigations), NIH (NIDA), HHS OIG (Health and Human Services Office of the Inspector General), HHS ORI (Office of Research Integrity) and the FDA (Food and Drug Administration)."); id. ¶ 19 ("I understand that the US Government investigators will presently request documentation and recordings that are in the possession of Calista Therapeutics to evidence the facts in this case."); id. ¶ 20 ("The Plaintiffs were informed of my cooperation with the US Government Investigation.").) Plaintiffs assert that these statements are inadmissible because they constitute an opinion summarizing other evidence, they constitute opinion testimony on an area of specialized knowledge, they lack foundation, they are inadmissible hearsay, and Mallon lacks personal knowledge. (Evidentiary Objections at 6–7 (citing Fed. R. Evid. 602, 701, 702, 801, 802, 1002, 1006).) Defendants did not respond to Plaintiffs' objections. "A declarant must show personal knowledge and competency to testify by the facts stated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

The matters must be known to the declarant personally, as distinguished from matters of opinion or hearsay. A declarant's mere assertions that he or she possesses personal knowledge and competency to testify are not sufficient." Boyd v. City of Oakland, 458 F. Supp. 2d 1015, 1024 (N.D. Cal. 2006) (citing Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1412 (9th Cir. 1995)); see also Medina v. Multaler, Inc., 547 F. Supp. 2d 1099, 1105 n.8 (C.D. Cal. 2007) (without factual support, an opinion is inadmissible). Therefore, these objections to Mallon's Declaration are **SUSTAINED**.

Plaintiffs also object to specific statements in Mallon's Reply Declaration. Specifically, paragraph 191 is relevant to the Court. (Reply Declaration of Dr. Andrew Mallon ("Mallon Reply Decl."), Dkt. No. 47-1, ¶ 191 ("I have been contacted by appropriate Federal Agencies regarding this matter and it is under active investigation. Contacting agencies include the NIH, HHS ORI, FDA[,] and FBI. I have been requested to provide any evidence and assistance that may be relied upon to investigate and pursue this matter.").) Plaintiffs contend that the statements are inadmissible hearsay and lack foundation. (Evidentiary Objections to Reply at 69–70 (citing Fed. R. Evid. 602, 801, 802).) Defendants did not respond to Plaintiffs' objections. The Court agrees with Plaintiffs and **SUSTAINS** these objections to Mallon's Reply Declaration.

     B.    *Motion to Strike under Federal Rule of Civil Procedure 12(f)*

Defendants state that "Plaintiffs' FAC is subject to a motion [to] strike under California's anti-SLAPP statute, C.C.P. Section 425.16 (F.R.C.P. 12(f))."[1] (Mot. at 4.) However, the Ninth Circuit has held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974–75 (9th Cir. 2010). To permit litigants to use Rule 12(f) "to dismiss some or all of a pleading" would "creat[e] redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." Id. at 974. Thus, this Court cannot employ Rule 12(f) to strike Plaintiffs' claims on the grounds that these claims are precluded as a matter of law by California's anti-SLAPP statute.

---

[1] Defendants' Motion and Reply do not explain the relationship between California's anti-SLAPP statute and Rule 12(f) or otherwise elaborate on the Rule 12(f) Motion. (See generally Mot.; Reply.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

Moreover, as Plaintiffs point out, Defendants fail to identify any redundant, immaterial, impertinent, or scandalous matter contained in the FAC. (Opp'n at 20–21; see generally Mot.; Reply.) While the Court may strike such matters on its own, such intervention is unwarranted here. Given the early stage of litigation and the absence of patently spurious allegations in the FAC, the Court declines to exercise its discretion to strike any portion of the FAC under Rule 12(f).

Accordingly, the Court **DENIES** Defendants' Motion to Strike under Rule 12(f).

  C. *Special Motion to Strike under California Code of Civil Procedure § 425.16*

As a threshold matter, Plaintiffs argue that the anti-SLAPP Motion conflicts with the Federal Rules of Civil Procedure and should therefore be barred under the Erie doctrine. (Opp'n at 19–20.) However, Ninth Circuit precedent controls here and does not lend itself to Plaintiffs' position. See CoreCivic, Inc. v. Candide Grp., LLC, 46 F.4th 1136, 1140–43 (9th Cir. 2022) (affirming the availability of anti-SLAPP motions in federal courts). Defendants are thus entitled to bring a special Motion to Strike under California's anti-SLAPP statute in this Court.

  1. Protected Activity

Courts use a two-step burden-shifting approach when reviewing anti-SLAPP motions. First, the defendant must show that the activity challenged by the plaintiff was "taken in furtherance of the defendant's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). The legislature specified four types of protected activity. See id. § 425.16(e). Courts look to these statutory definitions to determine whether the anti-SLAPP statute applies. Indus. Waste & Debris Box Serv., Inc. v. Murphy, 4 Cal. App. 5th 1135, 1147 (2016).

In applying the first step of the anti-SLAPP analysis, "the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech." City of Cotati v. Cashman, 29 Cal. 4th 69, 78 (2002) (emphasis in original). Under California Code of Civil Procedure § 425.16(e), an act qualifies as protected activity if it fits one of the following underlying categories:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Mallon alleges he has "evidence of crimes, civil infractions and clinical trial scientific misconduct that centered around Ms. Lourdes Felix, who exercised strong control over BioCorRx as the CEO and CFO." (Mallon Decl. ¶ 17.) Mallon claims this evidence is "currently the subject of ongoing investigation(s) with several Federal agencies, including the FBI (Federal Bureau of Investigations), NIH (NIDA), HHS OIG (Health and Human Services Office of the Inspector General), HHS ORI (Office of Research Integrity) and the FDA (Food and Drug Administration)." (Id. ¶ 18; see also Mallon Reply Decl. ¶ 191 ("I have been contacted by appropriate Federal Agencies regarding this matter and it is under active investigation. Contacting agencies include the NIH, HHS ORI, FDA[,] and FBI. I have been requested to provide any evidence and assistance that may be relied upon to investigate and pursue this matter.").)

Defendants argue that Plaintiffs' first and third through eighth claims are premised on communications and disclosures that pertain to these alleged ongoing investigations. (See Mot. at 5.) Defendants argue that these active investigations are "official proceedings" under § 425.16(e)(1) and that Defendants' communications pertaining to them are therefore protected activities. (Id.) In sum, Defendants assert that "[t]he allegations of the FAC fall squarely within the scope of California's Anti-SLAPP statute." (Id.)

Notwithstanding the Court's ruling on the evidentiary objections raised against Mallon's Declarations, the Court finds that it has no grounds to conclude that any such investigations into Plaintiffs exist. In response to Mallon's Declaration, Plaintiffs submit their own declaration, stating that the investigations alleged by Mallon do not exist.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

(Opp'n at 12; Declaration of Lourdes Felix ("Felix Decl."), Dkt. No. 44-2, ¶¶ 7–8.) Defendants makes conclusory allegations that governmental investigations are ongoing but offer no evidence showing these allegations to be true. (See generally Mallon Decl.; Mallon Reply Decl.) For instance, besides the self-serving statements in Mallon's Declaration, Defendants do not provide a declaration from a NIDA official or any other official of the three other agencies allegedly investigating Plaintiffs. Nor do Defendants submit any objective documentary evidence to support their claim that an investigation is underway at any of the four agencies listed. Thus, Defendants fail to provide a single piece of evidence to rebut Felix's Declaration that no investigation is underway. (See generally Reply; Mallon Reply Decl.) Without more, the Court cannot find that Mallon's statements are protected conduct.

Additionally, as Plaintiffs assert in their Opposition, "none of the Plaintiffs' claims arise from statements made pursuant to an executive or official proceeding authorized by law." (Opp'n a 9.) Indeed, nowhere in the FAC do Plaintiffs allege that their claims arise from statements made before a legislative, executive, or judicial proceeding. (See generally FAC.) As Plaintiffs assert, they "are not suing Mallon for statements he made in court, or before an administrative rule-making panel, or before Congress." (Opp'n at 9.) Rather, Plaintiffs are suing Mallon for libel because of the false statements he made about Plaintiffs to an NIDA staffer in a private email. (See FAC ¶¶ 247–316.) Nor does sending a private email to an NIDA staffer, who oversees grant applications, in and of itself constitute an "official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16(e)(1); see also City of Indus. v. City of Fillmore, 198 Cal. App. 4th 191, 215 (2011) ("Not every communication with a government agency is a statement made before or in connection with an official proceeding, or in connection with an issue under consideration or review by an official body, within the meaning of clauses (1) and (2) of section 425.16, subdivision (e)."). As Plaintiffs contend, "[m]erely involving a communication with an employee of the government does not, without more, make that conversation a 'proceeding,' let alone an 'official' one." (Opp'n at 10 (citing Li v. Jin, 83 Cal. App. 5th 481, 493 (2022) ("To be sure, the mere fact of a government agency's involvement in a transaction does not, without more, make a proceeding 'official': [M]inisterial acts involving 'primarily private transactions' do not trigger the anti-SLAPP statute." (internal quotation marks and citation omitted))).) Defendants fail to cite any authority indicating otherwise. (See generally Mot.; Reply.)

While it is undisputed that Plaintiff's claims are based in part on Mallon's email to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
|---|---|---|---|

| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. |
|---|---|

an NIDA official, the FAC and the declarations supporting the instant Motion fail to demonstrate that the written statements were sent in the context of an investigation. Thus, the Court is not convinced that investigations are or were ever ongoing. The Court therefore cannot conclude that the communication in question is a protected activity under the anti-SLAPP statute.

Moreover, all the cases that Defendants rely on for support are inapposite because it is undisputed that an investigation had actually commenced in those cases. (Reply at 4 (citing ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1009 (2001) (finding that filing a complaint with the SEC that was designed to solicit an investigation "qualified at least as a statement before an official proceeding" under § 425.16(e)(1)); Braun v. Chron. Publ'g Co., 52 Cal. App. 4th 1036, 1043, 1048 (1997) (finding that an investigative audit by the state auditor constituted an "official proceeding"); Jeffra v. Cal. State Lottery, 39 Cal. App. 5th 471, 482–83 (2019) (holding that "an internal investigation by a state-created entity is an official proceeding authorized by law" (internal quotation marks omitted))).) Defendants also rely on this Court's decision in Litrinium, Inc. v. MACOM Technology Solutions Inc., No. 19-1674, 2020 WL 4580506 (C.D. Cal. Apr. 27, 2020), for support. (Reply at 4.) However, the facts in this case are distinguishable from those in Litrinium. For instance, Litrinium involved a Letter sent to customers that was "an attempt to update [defendant]'s customers on pending litigation." 2020 WL 4580506, at *4. That is not the case here. As explained above, this case concerns a private email sent to an NIDA official regarding DeVarney.

In their Reply, Defendants assert that "as an alternative path, communications to a government agency that may bring an action could also qualify as in anticipation of litigation." (See Mot. at 6; Reply at 4–8.) Specifically, Defendants raise the litigation privilege, which is an affirmative defense. (Mot. at 6; Reply at 5–8.) "The litigation privilege, found in Civil Code section 47, subdivision (b)(2), applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Crossroads Invs., L.P. v. Fed. Nat'l Mortg. Ass'n, 13 Cal. App. 5th 757, 785–86 (2017). Strictly speaking, "affirmative defenses, such as the litigation privilege, are not relevant to the first prong" of the anti-SLAPP test. Hart v. Larson, 232 F. Supp. 3d 1128, 1133–34 (S.D. Cal. 2017). However, in determining whether speech is protected, courts look to the litigation privilege as an aid in construing the scope of § 425.16(e)(2) because "the two statutes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

serve similar policy interests." Neville v. Chudacoff, 160 Cal. App. 4th 1255, 1263 (2008). Thus, "statements made in anticipation of a court action or other official proceeding may be entitled to protection under the anti-SLAPP statute," provided that the statement "concerns the subject of the dispute and is made in anticipation of litigation contemplated in good faith and under serious consideration." Digerati Holdings, LLC v. Young Money Ent., LLC, 194 Cal. App. 4th 873, 887 (2011) (internal quotation marks and alterations omitted) (citations omitted); see also Diamond Resorts U.S. Collection Dev. v. Pandora Mktg., 541 F. Supp. 3d 1020, 1025–26 (C.D. Cal. 2021) ("Even when litigation may not have commenced, if a statement concerns the subject of the dispute and is made in anticipation of litigation contemplated in good faith and under serious consideration, then the statement may be petitioning activity protected by section 425.16." (internal quotation marks and citation omitted)).

However, future litigation arising from Mallon's statements is clearly theoretical here. As previously mentioned, Defendants fail to provide any objective evidence of an "official proceeding" or indicating that one is likely to occur. Nor is there any indication based on the current record that Mallon's email was made with litigation "under serious consideration." Indeed, the NIDA official responded to Mallon's email, stating that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (FAC, Ex. C.) The NIDA official copied DeVarney and Felix on the email responding to Mallon. (Id.) Contrary to the statements made in Mallon's Declaration, the NIDA official's response to Mallon's email indicates that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, the Court finds that Defendants failed to meet their burden to show that Mallon's email to the NIDA staffer was a protected pre-litigation communication. See, e.g., Golden Eye Media U.S., Inc. v. Trolley Bags UK Ltd., 525 F. Supp. 3d 1145, 1234–35 (S.D. Cal. 2021) ("[D]espite plenty of time to pursue their legal remedies, Defendants failed to do so. Further, the Court cannot determine whether the reports to Amazon contained threats to file suit against Amazon or Plaintiff because neither party submitted the reports to the Court as evidence, only Amazon's responses to the reports. As such, the lack of evidence that Defendants ever intended to file suit and lack of follow through support Plaintiff's contention that Defendants lacked a good faith intent to pursue litigation, and therefore, the privilege should not apply as a bar to Plaintiff's tort claims."); Diamond Resorts, 541 F. Supp. 3d at 1026 ("Future litigation arising from the demand letters was clearly theoretical here. As explained below, there is no evidence that any litigation—at least that was not imminently compelled to arbitration—arose from the Lawyer Defendants'

Case 8:24-cv-00640-JVS-JDE Document 62 Filed 07/01/24 Page 12 of 16 Page ID #:4089

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
|---|---|---|---|

| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. |
|---|---|

demand letters."); Edwards v. Centex Real Estate Corp., 53 Cal. App. 4th 15, 39 (1997) (holding that statements were not privileged because defendants failed to establish "anything more than the mere possibility that appellants might consider litigation"); Dickinson v. Cosby, 17 Cal. App. 5th 655, 683–84 (2017) (holding that a demand letter written by an attorney did not fall within the litigation privilege because, by the time of the court's decision, the demand letter had not resulted in litigation); Keezio Grp., LLC v. Summer Infant (USA), Inc., No. 22-3429, 2022 U.S. Dist. LEXIS 185812, at *9–10 (C.D. Cal. Oct. 11, 2022) ("The Court finds that [defendant] has failed to meet its burden to show that its report to Amazon was a protected pre-litigation communication. . . . [I]t is not clear that [defendant] took any steps toward litigation to begin with. Even the notification to Amazon does not state that any action will be taken. It simply notifies Amazon that [plaintiff] is 'not authorized' to use the marks.").[2]

Accordingly, the Court finds that the litigation privilege does not apply to Plaintiffs' claims.

### 2. Probability of Success

---

[2] The cases cited by Defendants are easily distinguishable from the instant action. (Reply at 5, 9 (citing D'Arrigo Bros. of Cal. v. United Farmworkers of Am., 224 Cal. App. 4th 790, 800 (2014) (finding that assisting the general counsel of the Agricultural Labor Relations Board ("ALRB") in pursuing allegations against plaintiff "constituted statements made in connection with an issue under consideration by the ALRB in an official adjudicatory proceeding authorized by the" Alatorre-Zenovich-Dunlap-Berman Agricultural Labor Relations Act of 1975); Dove Audio, Inc. v. Rosenbeld, Meyer & Susman, 47 Cal. App. 4th 777, 784 (1996) ("[Defendant]'s communication raised a question of public interest: whether money designated for charities was being received by those charities. The communication was made in connection with an official proceeding authorized by law, a proposed complaint to the Attorney General seeking an investigation."); Tiedemann v. Superior Ct., 83 Cal. App. 3d 918, 926 (1978) (holding that "proceedings undertaken by an official investigative and enforcement branch of the Internal Revenue Service, whose broad duties imposed by law (26 U.S.C. § 7601 et seq.) include authority to conduct investigations to determine tax liability (§ 7601(a)), summon witnesses, subpoena records and take testimony (§§ 7602, 7603), and serve process and perform arrests and seizures in the enforcement of criminal provisions of federal revenue laws (§ 7608(b)), and to pay specified sums in the detection, trial and punishment of criminal offenders (§ 7623), would clearly qualify as a quasi-judicial agency regularly engaged in an 'official proceeding authorized by law'" and "communications to such an official agency designed to prompt regulatory enforcement action must be considered a part of the official proceeding itself")).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
|---|---|---|---|
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

Because Defendants failed to make a prima facie showing that Plaintiffs' claims arose from protected activity, the Court need not engage in step two of the anti-SLAPP analysis. See Wong v. Wong, 43 Cal. App. 5th 358, 367 (2019) (upholding the trial court's denial of an anti-SLAPP motion on the basis that the moving party failed to carry its burden under the first prong of the analysis).

With respect to the second step of the anti-SLAPP analysis, Defendants also argue that Plaintiffs cannot establish a probability of success on the merits because they are not entitled to the return of confidential documents under the "public policy" behind the False Claims Act ("FCA"). (Mot. at 5–7.) Specifically, Defendants argue that "the agreement's confidentiality and document retention provisions are unenforceable because they cannot—as a matter of public policy—be used to preclude Dr. Mallon from using documents he lawfully obtained in the first instance to whistleblow to the government agency NIDA regarding Plaintiffs' improper and/or illegal activities." (Id. at 7.) However, as discussed above, because the Court found that Defendants failed to make a prima facie showing that Plaintiffs' claims arose from protected activity and that an investigation exists, it need not consider Defendants' FCA argument. Defendants' argument also fails for other reasons. As Plaintiffs contend, "the impact of this argument is narrow, as it only applies to Plaintiffs' first claim for breach of contract." (Opp'n at 17.) Defendants fail to cite any authority suggesting that the FCA bars Plaintiffs' conversion, theft, and libel claims. (See generally Mot.) Plaintiffs further assert that Defendants lack standing to invoke the FCA because no Defendant has asserted an FCA claim. (Opp'n at 17.) Rather than Plaintiffs discovering a problem, engaging in self-help discovery, and then filing an FCA claim as relators, Plaintiffs claim that "Defendants are using the FCA as a pretext to keep documents hostage and interfere with BioCorRx's business." (Id.) Defendants do not respond to Plaintiffs' arguments in their Reply. (See generally Reply.) Lastly, Defendants rely on inapposite cases to support their position. (Mot. at 7 (citing U.S. ex rel. Rector v. BonSecours Richmond Health Corp., No. 11-cv-38, 2014 WL 66714, at *6 (E.D. Va. Jan. 6, 2014) (an unpublished, out-of-circuit case finding that "the FCA does not permit whistleblowers to have carte blanche to acquire such information in any way they deem necessary"); Shmushkovich v. Home Bound Healthcare, Inc., No. 12 C 2924, 2015 WL 3896947, at *3 (N.D. Ill. June 23, 2015) (an unpublished, out-of-circuit case citing to a law review article and other out-of-circuit cases); U.S. ex rel. Ruhe v. Masimo Corp., 929 F. Supp. 2d 1033, 1038–39 (C.D. Cal. 2012) (plaintiff, not defendant, used the FCA to oppose a Rule 12(f) Motion to Strike); Siebert v. Gene Sec. Network, Inc., No. 11-cv-01987, 2013 WL 5645309, at *7–8 (N.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

Cal. Oct. 16, 2013) (noting that "[n]othing in the FCA addresses confidentiality agreements, nor the potential liability relators may incur by virtue of their obligations of confidentiality to former employers" and denying motion to dismiss a breach of contract claim "because it is possible that [plaintiff] also took confidential documents that bore no relation to his False Claims Act claim")).) Moreover, the Ninth Circuit declined to adopt the public policy exception that Defendants argue exists here. See U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1062 (9th Cir. 2011).

Accordingly, the Court **DENIES** Plaintiffs' anti-SLAPP Motion under California Code of Civil Procedure § 425.16.

D. *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)*

Defendants argue that Plaintiffs fail to state a claim under Rule 12(b)(6) on the following grounds: (1) Plaintiffs' claims are barred by the litigation privilege; and (2) Mallon was not a party to the contract in question. (Mot. at 8.)

As discussed above, the Court finds that the litigation privilege does not apply to Plaintiffs' claims. Defendants also contend that Plaintiffs' breach of contract claim against Mallon must be dismissed because Mallon is not a party to the contract in question. (Mot. at 8; Reply at 7.) Defendants do not cite any authority to support their argument. (See generally Mot.; Reply.) Rather, Defendants rely on the language in the Consulting Agreement, stating that "[t]his consulting agreement (this 'Agreement') is entered into by and between BioCorRx Inc., a Nevada corporation ('BCR' or the 'Company'), and Calista Therapeutics ('Consultant'), a corporation with a primary address set forth on the signature page below." (Mot. at 8 (quoting FAC, Ex. A).) In response, Plaintiffs assert that Mallon is a party to the contract because he signed the contract, which includes language suggesting that the contract's duties and responsibilities are tied to Mallon. (Opp'n at 21.)

"The general rule in California is that 'only a signatory to a contract may be liable for any breach.'" St. Vincent Med. Ctr. v. Mega Life & Health Ins. Co., 585 F. App'x 417, 417 (9th Cir. 2014) (quoting Clemens v. Am. Warranty Corp., 193 Cal. App. 3d 444, 452 (1987) ("Under California law, only a signatory to a contract may be liable for any breach.")); see also Tri-Continent Internat. Corp. v. Paris Sav. & Loan Assn., 12 Cal. App. 4th 1354, 1359 (1993) ("[Plaintiff] cannot assert a claim for breach of contract against one who is not a party to the contract."). The FAC alleges that "Mallon executed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00640-JVS (JDE) | Date | July 1, 2024 |
| Title | BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al. | | |

the Consulting Agreement on behalf of Calista Therapeutics and serves as its Principal." (FAC ¶ 195.) To support their allegations, Plaintiffs rely on Section 9.6 of the Consulting Agreement, which states that "Consultant hereby acknowledges and agrees that the duties and responsibilities of Consultant hereunder are of a personal nature and shall not be assignable or delegable in whole or in part by Consultant." (Id., Ex. A, § 9.6.) According to Plaintiffs, section 9.6 "means that the duties and responsibilities specified in the Consulting Agreement are specifically tied to the individual providing the consulting services, namely, Dr. Mallon." (Opp'n at 21.) Thus, Plaintiffs assert that "Mallon is personally and directly accountable for the performance of these duties." (Id.) Defendants fail to respond to this argument in their Reply. (See generally Reply.) The Court agrees with Plaintiffs and finds that the signature page of the Consulting Agreement identifies the individual who is personally accountable for the duties and responsibilities under the Consulting Agreement. Thus, while Mallon is not referred to as a party in the Consulting Agreement, he did sign the Consulting Agreement. (FAC, Ex. A.) And the FAC alleges that Mallon signed the Consulting Agreement on behalf of Calista Therapeutics, serving as its Principal. (Id. ¶ 195.) Thus, as a signatory to the Consulting Agreement, Mallon is bound by its terms.

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiffs' breach of contract claim on the basis that Mallon was not a party to the contract in question.

As Plaintiffs point out, "Defendants refrained from saying that Plaintiffs' allegations are implausible or otherwise lack sufficient factual allegations." (Opp'n at 13–14; see generally Mot.; Reply.) Instead, Defendants focus the bulk of their arguments on Mallon's alleged protected activity, the litigation privilege, the FCA's public policy exception, and whether Mallon is a party to the contract. (See Mot.; Reply.) Therefore, the Court declines to address whether Plaintiffs adequately allege the first through eighth claims of the FAC because that is not in dispute in the present Motion.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Strike and **DENIES** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-00640-JVS (JDE)                                 Date   July 1, 2024

Title   BioCorRx, Inc. et al. v. Calista Therapeutics, Inc. et al.